UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>RYAN M. JENSEN,<br><br>　　Defendant. | NO. CR-08-054-JLQ<br><br>**MEMORANDUM OPINION and ORDER GRANTING MOTION FOR NEW TRIAL** |

**BEFORE THE COURT** is the Defendant's Motion for New Trial Due to Ineffective Assistance of Counsel (C. R. 280)("Motion") and supporting Memorandum and Declaration of appointed counsel (C.R. 281-82), to which the Government has Responded in opposition (C. R. 285) and the Defendant has Replied (C.R. 286). The court heard oral argument on the Motion on September 14, 2010. Carl Oreskovich, appointed by the court to represent the Defendant on the Motion, appeared in person and with the Defendant. Assistant United States Attorney Jill Bolton represented the Government. For the reasons stated herein, the Defendant's Motion For New Trial is **GRANTED**.

## I. Background

　　Defendant Ryan Jensen ("Jensen") was the subject, along with his father, of an Indictment alleging mail and wire fraud and money laundering in connection with the raising of funds to support their ongoing small-business corporation, Innotek, Inc. in Spokane, Washington. Ryan Jensen is a seemingly unsophisticated younger person with a high school education. Ryan Jensen has no prior criminal trial experience. His record reflects only a negligent driving conviction. Mr. Jensen was without adequate funds to hire his own counsel and therefore Attorney Gerald Smith was appointed to represent him

ORDER - 1

from the Criminal Justice Act (CJA) list of attorneys.

The charges against the Jensens were based on their efforts to obtain funding to support the development, manufacture, and sale of a residential wireless smoke detector, for which they had obtained a development license from the owner of the patent for the device. Some of the investors in the project were sophisticated business persons who had previously invested in smaller companies such as Innotek.

At the commencement of the trial, the Government dismissed Count 15. Following the Government's case-in-chief, all the counts against Mr. Jensen's father were dismissed pursuant to Rule 29[1], along with many of the counts against Ryan Jensen. Surviving counts presented to the jury were those relating to Leslie Harris (1 & 13), David Spargo (5-8), Marvin Brown (9-12), money laundering (20-28), and forfeiture (30-32). Ryan Jensen was found guilty on all counts. During the trial this court became concerned over the lack of effective legal representation for Ryan Jensen and at one sidebar conference commented thereon. By the time of the conclusion of the trial and submittal of the case to the jury, the court was deeply concerned over the inadequate and ineffective representation of Ryan Jensen by his court-appointed attorney.

Two days after the verdict, Defendant's appointed trial counsel filed a Motion for Extension of Time to File Post-Trial Motions which invoked Rule 45(b)(1) and specifically stated that Jensen intended to file a Rule 33 motion for new trial.(C.R. 160). Appointed trial counsel for Ryan Jensen did subsequently file a Motion for Judgment of Acquittal under Rule 29 or for New Trial under Rule 33 (C.R. 182) but raised no claim as to his own ineffective assistance. The matter was briefed and set for hearing on October 1, 2009. The hearing did not go forward on the merits because the court advised the parties of its concerns regarding the ineffective assistance of counsel for Ryan Jensen at trial. The court informed the parties that it had appointed independent counsel, Leslie

---

[1] References to "Rule" are to the Federal Rules of Criminal Procedure unless otherwise stated.

ORDER - 2

Weatherhead, an able and experienced trial attorney in both civil and criminal jury trials, to review the transcripts, and interview both Mr. Jensen and his court appointed attorney as to the representation, or lack thereof, provided by the appointed trial attorney.

Mr. Weatherhead reported his findings to the court and the parties on January 22, 2010. (C.R. 282). Mr. Weatherhead concluded that Mr. Jensen did not receive the effective assistance of the appointed trial counsel in both the pretrial and trial phases of this matter. Mr. Weatherhead's findings and conclusions were the same as the undersigned observations and conclusions during the trial of this matter. Those findings and observations convinced the court that the appointed trial attorney had failed to adequately investigate the matter and had failed to interview any of the Government's listed witnesses except for one brief phone call and one contact with a Government witness during a short court recess. The appointed trial attorney also failed to effectively cross-examine the Government witnesses and failed to call any witnesses including the Defendant. The appointed trial attorney failed to present to the jury in the opening statement and closing argument the available defense posture of the Jensens legitimately attempting to develop the product that had been licensed to them. The court's observations at trial were that the appointed attorney was merely "going through the motions" at trial as the appointed attorney for Ryan Jensen. Of import in this case is the fact that the Government, despite being afforded the opportunity on two occasions, has not controverted in any manner the findings of Mr. Weatherhead and this court as to the complete inadequacy of the representation by the court-appointed trial attorney.

Following the filing of the declaration by Mr. Weatherhead, the appointed trial counsel sought leave to withdraw. That motion was granted. Because of Mr. Weatherhead's concern that if called to testify as to his conclusions he would be prevented from serving as Ryan Jensen's attorney, the court appointed attorney Carl Oreskovich as counsel for Jensen. The court thereafter denied the Motion for Judgment of Acquittal or for New Trial that had been filed by Mr. Smith, with the express reservation of the issue of the ineffective assistance of appointed trial counsel. With the advice,

counsel, and assistance of Mr. Oreskovich the Defendant Ryan Jensen then consented to the filing of the Motion For New Trial (C.R. 280) now before the court which presents the direct issue of ineffective assistance of counsel.

## II. Standards of Review

Rule 33 provides in relevant part that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." A district court's power to grant a motion for new trial is "much broader than its power to grant a motion for judgment of acquittal." *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992). A district court "may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *Id.* If the court determines "that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination to another jury." *Id.* at 1211-12. Certainly trial courts, and this court in the matter *sub judice*, have an obligation to see that appointed counsel in fact provide effective representation to their appointed client. The Supreme Court has instructed that "if the right to counsel guaranteed by the Constitution is to serve its purpose, defendants cannot be left to the mercies of incompetent counsel and judges should strive to maintain proper standards of performance by attorneys who are representing defendants in criminal cases in their courts." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). The Ninth Circuit Courts of Appeals in *United States v. Alston*, 974 F. 2d 1206, 1213 (1994) stated: "The task of safeguarding the rights of criminal defendants ultimately rests with the experienced men and women who preside in our district courts." These obligations of the trial court are in contrast to the argument of the Government that this court has no jurisdiction or authority to raise the obvious ineffective assistance of counsel issue.

In ruling on an ineffective assistance of counsel motion the court considers two components: that counsel's performance was deficient, and if so, whether the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The court finds both elements to be present here. The proper standard for attorney performance is that of "reasonably effective assistance." *Id.* "[A] defendant need not

ORDER - 4

show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* at 693.  The defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.  The court finds such a probability exists herein.

### III.  Discussion

The Government does not contest the conclusions of this court and those of Mr. Weatherhead that ineffective assistance of counsel to Mr. Jensen took place.  Rather, the Government contends that the Motion For New Trial based upon the unchallenged findings is procedurally barred.  The Government also contends that this court is without jurisdiction to order a new trial on its own motion based on ineffective assistance of counsel.  This latter contention is without factual and legal merit in that the Motion For New Trial was in fact filed by new counsel for Mr. Jensen with Mr. Jensen's consent.  This court's role was limited to expressing its concern based on its trial observations and appointing new counsel to determine if a motion for new trial should be filed after a complete review of the matter and consultation with the Defendant.  Obviously, the appointed trial attorney whose representation is in question would not likely file such motion.

**A. The Merits of The Ineffective Assistance Claim**

The Government argues that the Defendant's Motion is untimely and therefore procedurally barred. (C.R. 285).  At oral argument and in its pleadings the Government chose to "stand on its objection" and declined an opportunity to  address the issue of whether, in fact, there was ineffective assistance of counsel that prejudiced the Defendant. The Government has offered no argument that Mr. Jensen did in fact receive effective assistance of counsel at trial as guaranteed by the Sixth Amendment and Supreme Court precedent.  This court will first address the merits of the Motion, and then discuss the Government's procedural position.

ORDER - 5

Jensen contends that his trial counsel failed to adequately prepare for trial, including failing to interview any government witnesses and conducting only two cursory witness interviews. Jensen contends trial counsel failed to engage in meaningful cross-examination. He further contends that trial counsel failed to provide a theme of defense, failed to consult with or present expert witnesses, and failed to develop the knowledge and involvement of alleged victim/investors in Innotek. (C.R. 281, p. 8-9). Jensen relies on the declaration of Leslie Weatherhead who was appointed by the court. Mr. Weatherhead has been actively engaged in trial practice for nearly 30 years and is a fellow of the American College of Trial Lawyers. (C.R. 282 p. 3). He has served on the Ninth Circuit Advisory Board and the Washington State Bar Association Disciplinary Board. (C.R. 282 p. 4). Mr. Weatherhead reviewed the trial transcript, some trial exhibits, and reviewed the FBI witness reports and grand jury testimony of some witnesses. Mr. Weatherhead spoke with trial counsel and reviewed his trial notebook. (C.R. 282 p.4-5).

Mr. Weatherhead concluded that trial counsel's "investigation of the case was below expected professional standards." (C.R. 282 p. 6). Mr. Weatherhead also found fault with trial counsel's "failure to make an effective opening statement or conduct effective cross-examinations of virtually every witness" and noted that the defense called no witnesses. (C.R. 282 p. 6). Mr. Weatherhead additionally averred:

"From my review of the file and my discussion with Mr. Smith, I cannot account for the failure to advance a story, or the failure to appropriately cross examine witnesses, or the failure to call witnesses (including Mr. Jensen), by reference to any substantial concrete concern (by "concrete") I mean aside from the risk that inheres every time any witness is called) about some untoward information being elicited." (C.R. 282 p. 12).

The court agrees with Mr. Weatherhead's unchallenged observations and conclusions. The opening statement on behalf of Mr. Jensen was nominal and failed to present a clear picture to the jury of the defense case. Trial counsel failed to develop any theme of defense as the case proceeded. The Government called twenty-seven witnesses, and in total the defense cross-examined these witnesses for about an hour--or

approximately two minutes per witness. Mr. Spargo, a multi-millionaire oil and bank investor who chose to invest--was cross-examined for less than four minutes. The defense lack of cross-examination and its closing argument left the jury without the relevant information as to Mr. Spargo's background, or the fact that his lawyers and accountants had investigated Innotek and the Jensens prior to Mr. Spargo choosing to invest. There was a lack of adversarial testing of the government's witnesses and evidence and a failure to introduce favorable evidence. The defense presented no evidence of the ongoing work at Innotek with the smoke detector. The defense failed to present evidence that some of the Government's witnesses and investors were choosing to still participate in Innotek endeavors as of the time of trial.

      The court finds that trial counsel's failure to adequately prepare for trial by failing to interview witnesses, failing to present a theme of defense or adequate opening statement, failing to adequately cross-exam the Government's witnesses, and failure to call any defense witnesses rendered counsel's performance deficient and that these errors rose to the level of trial counsel failing to function as the counsel guaranteed by the Sixth Amendment. See *Strickland v. Washington*, 466 U.S. at 687 (1984). Mr. Weatherhead concluded: "While neither I nor any other lawyer could swear that Mr. Jensen would have certainly been acquitted given a proper defense, I can say without reservation that the verdict actually rendered in Mr. Jensen's case, on the defense provided, is not entitled to confidence given the critical failures by defense counsel." (C.R. 282 p. 5). The court agrees. Mr. Jensen need not establish that he would have certainly been acquitted, but rather "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. This court, having presided over the trial and observed the performance of defense counsel does not have confidence in the outcome. Accordingly a new trial is required. "[W]hen counsel's choices are uninformed because of inadequate preparation, a defendant is denied the effective assistance of counsel." *United States v. DeCoster*, 487 F.2d 1197, 1201 (D.C. Cir. 1973). As the en banc panel of the Ninth Circuit recently

ORDER - 7

stated: "At the heart of an effective defense is an adequate investigation. Without sufficient investigation, a defense attorney, no matter how intelligent or persuasive in court, renders deficient performance and jeopardizes his client's defense." *Richter v. Hickman*, 578 F.3d 944, 946 (9th Cir. 2009).

This court is convinced that the interests of justice require that Mr. Jensen be granted a new trial. This leaves his ultimate fate in the hands of the jury upon retrial, but with the effective assistance of counsel. *Alston*, 974 F.2d at 1212 ("an order directing a new trial leaves the final decision in the hands of the jury, it does not usurp the jury's function in the way a judgment of acquittal does.")

**B. Timeliness** - Having concluded that Mr. Jensen did not receive effective assistance of counsel and is therefore entitled to a new trial, the Government having made no argument on the merits to the contrary, the court now addresses the Government's procedural challenges. The Government argues the Motion For New Trial is untimely and procedurally barred, and that the court may not *sua sponte* raise the issue of ineffective assistance.

The Government relies primarily on *Eberhart v. United States*, 546 U.S. 12 (2005); *United States v. Hanoum*, 33 F.3d 1128 (9th Cir. 1994); *United States v. Navarro Viayra*, 365 F.3d 790 (9th Cir. 2004); and *Carlisle v. United States*, 517 U.S. 416 (1996). None of these cases dictate a finding that Defendant's Motion is procedurally barred, or that this court lacks jurisdiction to consider the Motion.

In *Eberhart*, the Supreme Court made clear that the time line in Rule 33 is **not** jurisdictional. When *Eberhart* was decided, Rule 33(b)(2) stated as follows:

> (2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty, or within such further time as the court sets during the 7-day period.

Rule 45(b)(2) provided:

> (2) Exceptions. The court may not extend the time to take any action under Rules 29, 33, 34, and 35, except as stated in those rules.

When the Supreme Court rendered its decision in *Eberhart*, the then Rule 33 required that a motion for additional time be made and ruled upon within 7 days of the

ORDER - 8

verdict. The then Rule 45 provided that the time could not be otherwise extended under Rule 33. The Supreme Court noted that Rule 45(b), as then written, imposed an "insistent demand for a definite end to proceedings." *Id.* at 19. These Rules were substantially modified in 2005 to address the time concerns of the *Eberhart* court.

The current versions of these two Rules, applicable to this case which was tried in 2009, provide in relevant part:

> Rule 33(b)(2): (2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.
>
> Rule 45(b)(2): (2) Exception. The court may not extend the time to take any action under Rule 35, except as stated in that rule.

Under the current Rules, the court is not required to rule on the request for extension within the 14 days under Rule 33, and more importantly, the power to extend the deadline is no longer limited by Rule 45(b)(2). Further reinforcing this interpretation of the modification of these timing requirements are the Advisory Committee Notes to the 2005 Amendments, which state in part: "Further, under Rule 45(b)(1)(B), if for some reason the defendant fails to file the underlying motion within the specified time, the court may nonetheless consider that untimely motion if the court determines that the failure to file it on time was the result of excusable neglect."

Further, Rule 45(b)(1) now provides in part: "When an act must or may be done within a specified period, **the court on its own may extend the time**, or for good cause may do so on a party's motion." (emphasis added). This language is in the disjunctive. The court may extend the time, or if a party makes an untimely motion then the "excusable neglect" standard of Rule 45(b)(1)(B) comes into play. The court finds the extension of time to be appropriate because appointed trial counsel would not be expected to file a Motion For New Trial based upon his own ineffective assistance of counsel at trial. Additionally, the court finds "excusable neglect." Independent counsel Leslie Weatherhead reviewed the transcripts and spoke with trial counsel and Defendant. New counsel was appointed and timely pursued the claim of ineffective assistance. As stated, it is not expected that appointed trial counsel would raise claims of his own

ORDER - 9

ineffectiveness. The ineffective assistance of trial counsel can constitute the "excusable neglect" necessary to support an extension of time. <u>See</u> *United States v. Munoz*, 605 F.3d 359, 367-372 (6th Cir. 2010). On the issue of how much delay is necessary for new counsel to adequately prepare a motion for new trial based on ineffective assistance, the Sixth Circuit stated: "We believe that a district judge is in the best position to know how long a diligent successor counsel would require to research and prepare a new-trial motion under the circumstances presented in any given case." *Id.* at 372.

The case of *United States v. Hanoum*, 33 F.3d 1128 (9th Cir. 1994), cited by the Government and relied on by it at oral argument, does not change this analysis. In *Hanoum*, the Ninth Circuit was dealing with Rule 33(b)(1) and whether a claim of ineffective assistance constituted "newly discovered evidence." The Ninth Circuit found it did not: "We hold that a Rule 33 motion based on 'newly discovered evidence' is limited to where the newly discovered evidence relates to the elements of the crime charged. Newly discovered evidence of ineffective assistance of counsel does not directly fit the requirements that the evidence be material to the issues involved, and indicate that a new trial probably would produce an acquittal." *Id.* at 1130. The Ninth Circuit was not addressing Rule 33(b)(2), and based its decision on the Rules existing in 1994 (with many courts erroneously believing the timing was jurisdictional). Under the language of Rule 45(b)(2), as it existed in 1994, an extension probably would not have been available.

This court does not find that the knowledge of ineffective assistance was "newly discovered evidence" under Rule 33(b)(1), and its decision is not inconsistent with *Hanoum*. Further, the state of the law concerning timing under Rule 33 has significantly changed since 1994, given the issuance of *Eberhart* (holding that the timing requirements are not jurisdictional) and the 2005 amendments to both Rule 33 and Rule 45.

This court may extend the time for filing the Motion For New Trial under Rule 33(b)(2) and pursuant to Rule 45(b). The appointed trial counsel for Mr. Jensen first sought an extension of time to file post-trial motions, including a motion for new trial, just two days post-verdict. The parties were aware of the court's ongoing concerns regarding

ORDER - 10

ineffective assistance of counsel. The Second Circuit has recently recognized the district court's authority to extend the time under Rules 33 and 45. In *United States v. Owen*, 559 F.3d 82 (2nd Cir. 2009), the defendant Owen, proceeding pro se, filed his motion for new trial 279 days after the verdict. The court noted that "although Rule 33 is an inflexible claim-processing rule, it is not jurisdictional and is therefore subject to the time-modification provisions of Rule 45(b) of the Federal Rules of Criminal Procedure." *Id.* at 83-84. Even though the Second Circuit found "no indication in the record" that Owen had received an extension of time, the record did show that the district court "fully intended to decide Owen's pro se motion" prior to Owen's newly appointed counsel filing a protective notice of appeal. *Id.* at 84. The Circuit declined to find the motion untimely and stated: "the District Court is in the best position to decide, in the exercise of its informed discretion, whether Owen's pro se motion was timely under Rule 33 and Rule 45(b)." *Id.*

      To the extent the Government contends that the Motion was not timely filed within the extensions granted by the court, the court finds any untimely filing was the result of excusable neglect--that being the ineffective assistance of trial counsel. The court could not expect Mr. Jensen, inexperienced in the law and with a high school education, to attempt to or be able to convince appointed trial counsel to file a motion raising his own ineffectiveness within the 14-day time period of Rule 33. The court finds the Sixth Circuit's recent analysis in *United States v. Munoz*, 605 F.3d 359, 367-372 (6th Cir. 2010), to be convincing on this issue. In *Munoz*, the defendant's motion for new trial based on alleged ineffective assistance of counsel was filed six months post-verdict. The Sixth Circuit observed that Rule 33 must be read in conjunction with Rule 45 which allows for extensions of time and relied on the 2005 Advisory Committee Notes. The Sixth Circuit stated: "[trial counsel's] continuing representation of [defendant] during the window for timely filing a Rule 33 motion was valid reason for the delay." *Id.* at 371. In continuing its analysis of excusable neglect, based on the factors from *Pioneer Investment Serv. Co. v. Brunswick Assoc.*, 507 U.S. 380 (1993), the Sixth Circuit then evaluated whether there was prejudice to the Government. In the matter before this court the Government has not

ORDER - 11

identified any prejudice to the merits of its case on retrial that can be attributed to the filing delay. (C.R. 285).  As to the length of the delay, the *Munoz* court stated: "We believe that a district judge is in the best position to know how long a diligent successor counsel would require to research and prepare a new-trial motion...". *Id.* at 372.  This court finds the time spent by Mr. Weatherhead to review the matter and for Mr. Oreskovich to prepare the Motion to be reasonable and appropriate.  Finally, there is no argument that Defendant's delay in filing the motion was in bad faith.  Accordingly, as in *Munoz*, evaluation of the *Pioneer* factors favors Jensen and any delay is the result of excusable neglect occasioned by the ineffective assistance of trial counsel.

**C.  Sua Sponte -** The Government's second procedural argument is that this court may not *sua sponte* raise the issue of ineffective assistance of counsel. The Government argues: "The Ninth Circuit has made clear that a district court has no authority to consider a motion for new trial *sua sponte*." (C.R. 285, p. 7).  Contrary to the position of the Government, the case it cites does not support the assertion that a court cannot *consider* a motion *sua sponte*.  In fact, the Government's argument is inherently contradictory--if there is already a motion, then the court is not acting *sua sponte*.  This court raised the **issue** of ineffective assistance *sua sponte*, but it now acts based on Defendant's Motion.

The Government relies primarily on *United States v. Navarro Viayra*, 365 F.3d 790 (9th Cir. 2004), for its contention that the court "has no authority to sua sponte present a motion for new trial." (Ct. Rec. 285, p. 7).  The Government also cites to *Carlisle v. United States*, 517 U.S. 416 (1996), but that case is of no application in this context.  In *Carlisle*, the Supreme Court found that a district court could not consider a motion for judgment of acquittal under Rule 29 that was filed one day out of time.  The Supreme Court was applying an earlier version of Rule 45 which specifically limited the authority of courts to grant an extension of time under Rule 29.  Rule 45 has since been amended, and here we deal with Rule 33, rather than 29.  Accordingly, *Carlisle* is of no application.

In *Navarro Viayra*, the Ninth Circuit faced a "question of first impression ... whether, in a criminal case, a district court may **grant** a new trial **absent a request** by the

ORDER - 12

defendant." 365 F.3d at 791 (emphasis added). The defendants in *Navarro Viayra* made their motions under Rule 29, and did not invoke Rule 33. The Ninth Circuit concluded, "a district court lacks authority to grant a new trial on its own motion." *Id.* at 791. *Navarro Viayra* is clearly distinguishable.

Here, appointed trial counsel for Jensen, two days post-verdict, filed a motion which sought an extension of time under Rule 45 and stated his intent to file post-trial motions which would invoke both Rule 29 and Rule 33. While Jensen's motion for new trial was pending, the court *sua sponte* raised the issue of ineffective assistance of counsel. The court then appointed independent counsel to review the transcript. Jensen's counsel then sought leave to withdraw, which was ultimately granted. The court allowed Jensen, aided by new counsel, to file a motion for new trial raising the issue of ineffective assistance of counsel. Jensen took this opportunity and filed the Motion.

Rule 33 provides that, "[**u**]**pon the defendant's motion**, the court may vacate any judgment and grant a new trial if the interest of justice so requires." (emphasis added). Jensen has moved for a new trial. The procedure disallowed in *Navarro Viayra* was the district court's grant of a new trial when the defendant had not sought one. The Ninth Circuit stated: "Rule 29 prohibits sua sponte conversion of a motion to acquit into a motion for a new trial. Rule 33 precludes a district court from granting a new trial on its own motion. Taken together, the rules permit a judge to order a new trial only in response to a defendant's motion." *Id*. at 795.

Jensen's appointed trial counsel filed a motion for new trial before the court raised the issue of ineffective assistance of counsel. Jensen thereafter raised the issue of ineffective assistance of counsel in his motion for new trial. The court is not acting upon its own motion, nor has it converted a Rule 29 motion into a Rule 33 motion. The court herein has followed the admonition of the Supreme Court "to maintain proper standards of performance by attorneys who are representing defendants in criminal cases in their courts." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). The position advanced by the Government, that this court may not raise the issue of ineffective assistance of counsel,

ORDER - 13

would undermine the instruction from the Supreme Court.  Further, the position advanced by the Government would not serve judicial economy.  The Government suggests that Jensen has the remedy of filing a petition for habeas corpus after sentencing and conclusion of appeal.  While it is true that ineffective assistance of counsel is often raised in collateral proceedings, in the infrequent instances where such is apparent from the trial proceedings, it promotes judicial efficiency for this court to address the issue. Also, it would violate the Sixth Amendment and the teachings of *Gideon v. Wainwright*, 372 U.S. 335 (1963) to proceed to sentence a Defendant who was convicted in violation of the right to effective assistance of counsel.

The United States Supreme Court has refused to say that a defendant must raise the issue on direct appeal, or that a defendant can only raise it in a collateral proceeding: "We do not hold that ineffective assistance claims must be reserved for collateral review. There may be cases in which trial counsel's ineffectiveness is so apparent from the record that appellate counsel will consider it advisable to raise the issue on direct appeal." *Massaro v. United States*, 538 U.S. 500, 508 (2003).  The Supreme Court also recognized that there are times when the ineffective assistance of counsel may be so obvious that the **appellate** court would raise it *sua sponte*: "There may be instances, too, when obvious deficiencies in representation will be addressed by an appellate court *sua sponte*." *Id.*  If an appellate court, without seeing the trial or performance of counsel, is authorized to raise the issue *sua sponte*, then certainly the trial court is so authorized and obligated.  As pointed out by the Supreme Court, the district court is "the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial," and the trial judge has the "advantageous perspective for determining the effectiveness of counsel's conduct and whether any deficiencies were prejudicial." *Id.* at 506.

The Government's second procedural argument, that this court may not raise the issue of ineffective assistance of counsel and thereafter rule on the Defendant's Motion For New Trial is rejected.

ORDER - 14

This court cannot recall having previously ordered a new trial based upon alleged ineffective assistance of counsel and it does not do so lightly. The words of the Circuit Court in *DeCoster* are appropriate in this instance: "It is important to stress that the issue in ineffectiveness cases is not a lawyer's culpability, but rather his client's constitutional rights. Even the best attorney may render ineffective assistance, often for reasons totally extraneous to his or her ability." 487 F.2d at 1202 n. 21.

For all the aforesaid reasons, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for New Trial (C.R. 280) is **GRANTED**.

2. The parties shall submit their requested dates for the new trial by October 29, 2010. Each party is requested to submit at least three different weeks in which they would be available for trial.

3. The parties shall appear for a status conference on Tuesday November 16, 2010, at 1:30 p.m..

The Clerk shall enter this Order and furnish copies to counsel.

Dated this 27th day of September, 2010.

                s/ Justin L. Quackenbush
                JUSTIN L. QUACKENBUSH
      SENIOR UNITED STATES DISTRICT JUDGE