AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## Eastern District of Washington

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|

**v.**

Ryan M. Jensen

Case Number:    2:08CR00054-002

USM Number:    12813-085

Carl Oreskovich
_Defendant's Attorney_

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 1 3 2011

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

Date of Original Judgment  10/11/11

☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.36)

## THE DEFENDANT:

☑ pleaded guilty to count(s)    Counts 9 and 13 of the Indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1341 and 2 | Mail Fraud | 01/31/07 | 9 and 13 |

The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   All remaining counts   ☐ is   ☑ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/7/2011
Date of Imposition of Judgment

_Signature of Judge_

The Honorable Justin L. Quackenbush    Senior Judge, U.S. District Court
Name and Title of Judge

10/13/2011
Date

AO 245B    (Rev. 06/05) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page __2__ of __6__

DEFENDANT:  Ryan M. Jensen
CASE NUMBER:   2:08CR00054-002

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:      60 day(s)

Ct. 9 - 60 days; Ct. 13 - 60 days (concurrent with Ct. 9)

☐  The court makes the following recommendations to the Bureau of Prisons:

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m. ☐ p.m.   on _____ .

    ☐  as notified by the United States Marshal.

☑  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☑  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 4—Probation

| | Judgment—Page | 3 | of | 6 |
|---|---|---|---|---|

DEFENDANT:  Ryan M. Jensen
CASE NUMBER:  2:08CR00054-002

# PROBATION

The defendant is hereby sentenced to probation for a term of :      3 year(s)

3 years each count - concurrent - conditioned upon incarceration for 60 days.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 4C — Probation

Judgment—Page   4   of   6

DEFENDANT:  Ryan M. Jensen
CASE NUMBER:   2:08CR00054-002

## SPECIAL CONDITIONS OF SUPERVISION

14. You shall provide the supervising officer with access to any requested financial information, including authorization to conduct credit checks and obtain copies of your Federal income tax returns. You shall disclose all assets and liabilities to the supervising officer. You shall not transfer, sell, give away, or otherwise convey any asset, without the advance approval of the supervising officer.

15. You shall not incur any new debt, open additional lines of credit, or enter into any financial contracts, without the advance approval of the supervising officer.

16. You shall have no contact with the victims (Marvin Brown or Les Harris) in person, by letter or other communication devices, audio or visual devices, or through a third party, unless authorized by the supervising officer. You shall not enter the premises or loiter within 1,000 feet of the victim's residence or place of employment.

AO 245B     (Rev. 06/05) Judgment in a Criminal Case
            Sheet 5 — Criminal Monetary Penalties

| Judgment — Page | 5 | of | 6 |
|---|---|---|---|

DEFENDANT:  Ryan M. Jensen
CASE NUMBER:   2:08CR00054-002

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $200.00 | $0.00 | $100,000.00 |

☐  The determination of restitution is deferred until _____ .  An *Amended Judgment in a Criminal Case* (AO 245C)  will  be  entered after such determination.

☑  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Marvin Brown | $100,000.00 | $100,000.00 | |

| **TOTALS** | $ | 100,000.00 | $ | 100,000.00 |
|---|---|---|---|---|

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑  the interest requirement is waived for the   ☑  fine   ☑  restitution.

☐  the interest requirement for the   ☐  fine   ☐  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

Judgment — Page  6  of  6

DEFENDANT:  Ryan M. Jensen
CASE NUMBER:  2:08CR00054-002

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   ☐   Lump sum payment of $ _____ due immediately, balance due

       ☐   not later than _____ , or
       ☐   in accordance     ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☑   Payment to begin immediately (may be combined with     ☐ C,     ☐ D, or     ☑ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
       term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
       imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☑   Special instructions regarding the payment of criminal monetary penalties:

       Payment on Special Assessment to begin immediately. Defendant shall participate in the US Bureau of Prisons' Inmate Financial
       Responsibility Program. While on Probation, restitution is payable on a monthly basis at a rate of not less that 10% of the
       Defendant's net household income, commencing 30 days after his release from imprisonment. Payments shall be made to the
       Clerk, U.S. District Court, Attention: Finance, P.O. Box 1493, Spokane, WA  99210-1493.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

       Case Numbers (including defendant number) and Defendant and Co-Defendant Names, Total Amount, Joint and Several Amount,
       and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☑   The defendant shall forfeit the defendant's interest in the following property to the United States:

       *BANK ACCOUNTS: (a) $15,182.85 U.S. funds seized on or about January 23, 2007, from the National Bank of Garfield
       Account #: 7000755, held in the name of Innotek; (b)  $39,169.44 U.S. funds seized on or about January 23, 2007, from the
       National Bank of Garfield Account #: 7005143, held in the name J Jenco Co.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.